**JWB**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wilfredo Bermudez, | No. CV 1-06-1247-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| James Yates, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Second Amended Complaint (Doc. # 15), filed in compliance with the Court's February 13, 2009 Order (Doc. # 14). The Court will order Defendants Johnson, Harper, and Brewer to answer Count I of the Second Amended Complaint, and order Longoria, Montez, and Ramirez to answer Count II of the Second Amended Complaint.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

///

## II.     Second Amended Complaint

Plaintiff sues Pleasant Valley State Prison (PVSP) employees Nurse Johnson; Medical Technical Assistants Harper and Brewer; and Correctional Officers (CO) Longoria, Montez, and Ramirez. Plaintiff presents the following facts.

On January 11, 2006, Plaintiff was suffering from "inflamed severe complications of his pre-diagnosed medical condition [herpes zoster-shingles] to his face/eyes" that caused "severe pain, irritation, visual impairment, and limited his mobility." Plaintiff submitted the standard Health Care Service Request Form and a correctional officer took him to the medical unit. Upon arrival to the medical unit, Harper and Brewer saw Plaintiff and his condition but deliberately ignored and refused to provide Plaintiff with medical treatment. Plaintiff then stopped Johnson and asked for assistance, but she also refused to provide Plaintiff with any medical treatment. As a result of Harper, Brewer, and Johnson's refusal to provide Plaintiff with any treatment, he experienced extreme pain, visual impairment, and inflammation for an additional six days before he finally was evaluated by a doctor and sent to the hospital.

On March 13, 2006, Plaintiff was informed during the evening meal that his grandmother had passed away. Plaintiff asked Ramirez if he could return to his housing unit; Ramirez gave Plaintiff permission to leave and Plaintiff left the dining hall. Plaintiff then encountered Longoria who, for unknown reasons, began "slandering, taunting, harassing[,] and humiliating" Plaintiff. Montez told Plaintiff to ignore Longoria and then ordered Plaintiff to turn around to be handcuffed; Plaintiff complied with the request. Montez then took Plaintiff's left hand and "aggressively placed [him] in handcuffs. Longoria then assisted Ramirez in slamming Plaintiff against the wall, yelling obscenities at him, which caused injuries to Plaintiff's shoulder, left eye, and wrists.

## III.    Claims for Which an Answer Will be Required

Based on the above facts, Plaintiff has sufficiently stated a claim of deliberate indifference to his serious medical needs against Johnson, Harper, and Brewer in Count I and

- 2 -

a claim of excessive force against Montez, Longoria, and Ramirez in Count II. Defendants will be required to answer.

## IV. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants Johnson, Harper, and Brewer must answer Count I.

(2) Defendants Montez, Longoria, and Ramirez must answer Count II.

(3) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. # 15), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Johnson, Harper, Brewer, Montez, Longoria, and Ramirez.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Second Amended Complaint for

each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5) Plaintiff must not attempt service on any Defendant and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from Defendants or serve Defendants.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 19th day of June, 2009.

FRANK R. ZAPATA
United States District Judge