IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wilfredo Bermudez, | No. CV 1-06-1247-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Johnson and "Others", | |
| Defendants. | |

Pursuant to his Second Amended Complaint, Plaintiff has pursued this civil rights action under 42 U.S.C. § 1983 against six Defendants employed by the California Department of Correction and Rehabilitation ("CDC"). Defendants move to dismiss the entire case on the ground that Plaintiff has failed to exhaust his administrative remedies as to the only two claims/counts alleged in this case. Although the Court sent the Notice required under *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), advising Plaintiff of his obligation to respond, he did not do so. The motion is ready for ruling.[1]

---

[1] On February 4, 2010, the Court issued an Order that stated in relevant part: "A review of the record reflects that Defendants' filed a motion to dismiss on October 8, 2009. Thereafter, the Court issued a *Wyatt* notice to Plaintiff informing him that he was required to respond; the response was due on approximately November 27, 2009. Plaintiff failed to file a response as required. Thereafter, in December of 2009, Defendants filed a notice that Plaintiff failed to file his required response. On January 6, 2010, Plaintiff filed a document stating that he has encountered various problems in obtaining the paperwork he thinks he needs to oppose the motion to dismiss, states that he does not want the case dismissed, and states that he will file his response as soon as possible. The Court has been waiting for a response from Plaintiff for many months. Plaintiff has had since October 8, 2009 to attempt to gather materials and file his response. As of the date of this Order (2/4/10), the Court still has not received a response from Plaintiff; Plaintiff has had nearly four months to file a response. The Court will not permit this dispositive motion to remain pending indefinitely as it has already caused many months of delay in this case. This Court, among many others, voluntarily accepted 15 cases from the Eastern District of California as part of the effort of the Ninth Circuit to expedite the backlog of cases in the Eastern District of California. Allowing this dispositive motion

The Court will grant the motion and dismiss the case without prejudice.

## I. BACKGROUND

### *Facts Alleged in Plaintiff's Second Amended Complaint*

Plaintiff sues Pleasant Valley State Prison ("PVSP") employees Nurse Johnson; Medical Technical Assistants Harper and Brewer; and Correctional Officers ("CO") Longoria, Montez, and Ramirez. Plaintiff presents the following facts in his Second Amended Complaint.[2]

### *Count 1*

On January 11, 2006, Plaintiff was suffering from "inflamed severe complications of his pre-diagnosed medical condition [herpes zoster-shingles] to his face/eyes" that caused "severe pain, irritation, visual impairment, and limited his mobility." Plaintiff submitted the standard Health Care Service Request Form and a correctional officer took him to the medical unit. Upon arrival to the medical unit, Harper and Brewer saw Plaintiff and his condition, but deliberately ignored and refused to provide Plaintiff with medical treatment. Plaintiff then stopped Johnson and asked for assistance, but she also refused to provide Plaintiff with any medical treatment. As a result of Harper, Brewer, and Johnson's refusal to provide Plaintiff with any treatment, he experienced extreme pain, visual impairment, and inflammation for an additional six days before he was evaluated by a doctor and sent to the hospital.

---

to remain pending has already caused many months of delay in this case, clogs the Court's already heavy docket, and defeats the purpose of voluntarily accepting cases from the Eastern District of California. As such, Plaintiff will have one final opportunity to file his response to the motion to dismiss. **IT IS HEREBY ORDERED that Plaintiff shall file his response to the motion to dismiss no later than February 19, 2010**. **If Plaintiff fails to file his response by February 19, 2010, the Court will rule on Defendants' motion to dismiss without the benefit of Plaintiff's response and without further notice to Plaintiff.**" *See* Doc. #24 (emphasis in the original). As of the date of this Order, Plaintiff has failed to file a response to the motion to dismiss.

[2] The Court notes that a verified complaint may be used as an affidavit if it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).

*Count 2*

On March 13, 2006, Plaintiff was informed during the evening meal that his grandmother had passed away. Plaintiff asked Ramirez if he could return to his housing unit; Ramirez gave Plaintiff permission to leave and Plaintiff left the dining hall. Plaintiff then encountered Longoria who, for unknown reasons, began "slandering, taunting, harassing[,] and humiliating" Plaintiff. Montez told Plaintiff to ignore Longoria and then ordered Plaintiff to turn around to be handcuffed; Plaintiff complied with the request. Montez then took Plaintiff's left hand and "aggressively placed [him] in handcuffs. Longoria then assisted Ramirez in slamming Plaintiff against the wall, yelling obscenities at him, which caused injuries to Plaintiff's shoulder, left eye, and wrists.

**II. DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. *Id.* at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

The CDC provides an administrative grievance procedure for prisoners. *See* Cal. Code. Regs., Title 15 §3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they

1  can demonstrate as having an adverse effect upon their welfare . . . An appellant must submit
2  the appeal within 15 working days of the event or decision being appealed, or of receiving
3  an unacceptable lower level appeal decision." *See id.* at §3084.1(a) and §3084.6(c). The
4  CDC provides four levels of appeal which includes the informal level, first formal level,
5  second formal level, and the third formal level which is referred to as the director's level; the
6  director's level appeal is final and exhausts all administrative remedies within the CDC. *See*
7  *id.* at §3084.5; *Irvin v. Zamora*, 161 F.Supp. 2d 1125, 1129 (S.D. Cal. 2001). An inmate
8  must proceed to the director's level to properly exhaust administrative remedies and therefore
9  prior to seeking judicial relief. *See Booth v. Churner*, 532 U.S. 731, 739 (2001).

10       A review of the record reflects that Plaintiff failed to properly exhaust his
11  administrative remedies as to his claims for denial of medical care and excessive force.
12  Plaintiff failed to comply with regulations which required him to file his administrative
13  appeals within 15 working days of the alleged incidents; as Plaintiff failed to do this, CDC
14  staff screened out his appeals as untimely and never reached the merits of his appeals. Thus,
15  as Plaintiff failed to properly exhaust his administrative remedies, Defendants' motion to
16  dismiss is granted.

17  **III. CONCLUSION**
18       Accordingly, IT IS HEREBY ORDERED as follows:
19  (1) Defendants motion to dismiss (Doc. #20) is **granted**.
20  (2) **This case is dismissed**.
21  (3) **The Clerk of the Court shall enter judgment and close the file in this case**.
22       DATED this 8th day of March, 2010.

FRANK R. ZAPATA
United States District Judge